64 F.3d 655
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth Twarner BOWIE, Plaintiff-Appellant,
v.
Honorable Darrow GLASER; Charles Young, Assistant States
Attorney; Court of Special Appeals; Attorney
General of the State of Maryland,
Defendants-Appellees.
 No. 95-6885.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1995.
Decided Aug. 22, 1995.
 
 Kenneth Twarner Bowie, Appellant Pro Se.
 Before ERVIN, Chief Judge, MOTZ, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order dismissing without prejudice his 42 U.S.C. Sec. 1983 (1988) complaint.[1] We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court.[2] Bowie v. Glaser, No. CA-95-1373-DKC (D.Md. May 19, 1995). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Because no amendment to Appellant's complaint could cure the defects in his case, the district court's order is a final and appealable order. See Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir.1993)
 
 
 [2]
 To the extent that this action is properly construed as a habeas corpus action, we agree with the district court that Appellant must exhaust state court remedies before proceeding in federal court. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). With respect to Appellant's damages claim, we note that this claim is not cognizable under Sec. 1983 because Appellant's claims place in issue the validity of his convictions and because he has not shown that his convictions have been invalidated. See Heck v. Humphrey, 62 U.S.L.W. 4594 (U.S.1994)